**1328** ROSCOMMON TOWNSHIP vs. BOARD OF SUPERVISORS (Midland), 49 M., 454.

To compel respondent to provide for the payment of a balance remaining due on the books of Midland County in favor of relator township, which was formerly one of the towns of Midland County, but is now in Roscommon County, which latter county was organized in 1875.

Granted October 31, 1882.

The return admitted that the balance stood on the books, but denied the liability on the grounds that neither the claim nor the books were correct; that the county had not received all the taxes returned as delinquent; that a large amount of taxes had been charged back, and that a large amount was enjoined and never collected, and these had never been adjusted between the county and the township, but the answer contained no statement of definite items reducing the balances, though the means of doing so, if they existed at all, were accessible to the board.

Held, that this answer showed no cause against the writ; that Comp. L., Chap. 226, related to cases where the writ had been first issued, and the return made under which issues of fact are framed, a practice which is not customary here. The writ is meant to be a speedy, summary remedy, the chief value of which would be destroyed by the delays and complications of special pleading authorized under the practice of alternative or double writs. The proceedings are begun by an order to show cause, and such issues of fact as are introduced by or under the return, are disposed of specifically, not by sending down the entire case on the record, but in the same way as are particular issues sent down in chancery cases to be disposed of.